# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-00758 MMM (AGRx) | Date | February 6, 2012 |
| Title | *Selene RMOF REO Acquisition, LLC v. Sandy Scher, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction; Notification of Potential Procedural Defect in Removal

### I. BACKGROUND

On June 20, 2011, plaintiff Selene RMOF REO Acquisition, LLC filed an unlawful detainer action against defendants Sandy Scher, Artemis Lister, and all persons claiming a right to possession of the real property at issue in Los Angeles Superior Court.[1]  The complaint alleges that plaintiff purchased property commonly known as 10949 Ayers Avenue, Los Angeles, 90064 from Wells Fargo Bank, NA in October, 2010.[2]  Wells Fargo purchased the property at a trustee's sale in July 2010.[3]  Plaintiff purchased the property from Wells Fargo on or about October 2010; that purchase was perfected by a grant deed on or about May 18, 2011.[4]  According to the complaint, Scher is either

---

[1] Defendant Scher's Notice of Removal ("Removal"), Docket No. 1, Exh A, ("Complaint"), at 1.

[2] *Id.*, ¶ 6.

[3] *Id.*

[4] *Id.*

the former owner of the property who defaulted under the deed of trust, or a person claiming a possessory interest in the property, which arose or was created during the prior ownership of the property.[5] Scher's possessory interest was extinguished by the foreclosure.[6]

Defendant Artemis Lister rented the property from Scher at the time plaintiff bought the property.[7] After taking possession of the property, plaintiff made a demand that Lister remit rent to plaintiff.[8] Lister did not pay plaintiff, and a three day notice to pay rent or quit was served.[9] Lister did not pay and did not vacate.[10] Scher has also allegedly been in possession of the property from March 8, 2011 to the present.[11] On May 31, 2011, plaintiff served Scher with a notice to vacate the premises.[12] Scher did not comply and this action ensued.[13]

On January 27, 2012, defendant Scher removed the action. The removal is not clear as to what basis of jurisdiction Scher invokes.[14]

## II. DISCUSSION

### A.   Legal Standard Governing Removal and Assertion of Federal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[5] *Id.*, ¶ 8.

[6] *Id.*

[7] *Id.*, ¶ 13.

[8] *Id.*, ¶ 14.

[9] *Id.*, ¶ 15.

[10] *Id.*, ¶ 16.

[11] *Id.*, ¶ 9.

[12] *Id.*, ¶ 10.

[13] *Id.*, ¶ 11.

[14] Removal at 1.

division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712, n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

As the party invoking federal jurisdiction in this case, defendant has the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

**B.     Whether the Court Has Diversity Jurisdiction Over This Case**

**1.     Legal Standard Governing Diversity Jurisdiction**

Absent a federal question, federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). For diversity purposes, a corporation may be a citizen of multiple states. "[A] corporation [is] deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). A person is a citizen of the state in which he has his domicile, i.e., a permanent home where he intends to remain or to which he intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return").

Further, diversity jurisdiction requires that the amount in controversy exceed $75.000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on

all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982,986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d394, 399 (2d Cir. 2003) (emphasis original)).

### 2.     Whether the Requirements of Diversity Jurisdiction Are Met

First, Scher does not identify the citizenship of any party in her notice of removal. The complaint is also silent as to the parties' citizenship, and in fact suggests that all parties are citizens of California, which would defeat complete diversity.[15] As a result, plaintiff has failed to demonstrate that the parties are completely diverse.. Absent allegations about the citizenship of the parties, Scher cannot meet her burden of establishing complete diversity.

Second, Scher fails to demonstrate that the amount in controversy requirement is met. To determine whether a defendant has met its burden of establishing the jurisdictional amount, the court first considers whether an amount in controversy exceeding $75,000 is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). Plaintiff seeks $18,900 in unpaid rent from defendant Artemis Lister plus $90 per day from June 1, 2011 until the property is vacated.[16] Using this calculation, and assuming the property is still occupied and $90 per day in damages have been accruing since June 1, 2011, the amount in controversy as of the date of this order is $43,470, which is far below the jurisdictional threshold.[17]

An amount in controversy greater than the statutory minimum of $75,000 is not facially apparent from the complaint, and Scher has not attempted to prove such an amount is in controversy. This, combined with her failure to demonstrate complete diversity, indicates that defendant has failed to meet her burden of demonstrating diversity jurisdiction.

---

[15]Plaintiff alleges that it is an LLC "qualified to do business and doing business in the County of Los Angeles," and that defendants are "individuals and competent adults residing in the County of Los Angeles." (Complaint, ¶¶ 1 and 3.) While citizenship, not residency, determines complete diversity, the complaint's allegations suggest that all parties to this action claim California citizenship.

[16]Complaint, ¶ 17 and page 4.

[17]The complaint seeks $18,900. There are 273 days between June 1, 2011 and February 3, 2012. 273 times $90 equals $24,570, plus $18,900 equals $43,470.

### B.   Whether the Court Has Federal Question Jurisdiction Over This Case

#### 1.   Legal Standard Governing Federal Question Jurisdiction

Absent diversity of citizenship, federal-question jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). See also 28 U.S.C. § 1441(b).[18] Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax*

---

[18] "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

28 U.S.C. § 1441(b). See also *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474-75 (1998); *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 926 (5th Cir. 1997).

*Bd.*, 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether the Complaint Presents a Federal Question

The complaint does not raise a federal question on its face.  Plaintiff's action is for unlawful detainer, an action relating to real property that is entirely created and regulated by state law.  See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").  This cause of action does not "arise under" federal law, nor does it require resolution of an essential federal ingredient within the state claim.  As a result, the court does not have federal question jurisdiction.

Scher "urges this Court to recognize that Plaintiffs are [sic] collection agencies . . . as defined by [the Fair Debt Collection Practices Act ("FDCPA"),] 15 U.S.C. § 1692."[19]  Scher contends that plaintiff has violated the FDCPA, and that the complaint therefore "arises under the [FDCPA] . . ."[20]

---

[19]Removal at 3.

[20]*Id*.

Scher ignores the fact that the complaint pleads no causes of action arising under these statutes, and her perfunctory notice of removal does not suggest otherwise. To the extent that Scher raises plaintiff's FDCPA violations as a defense, as noted above a federal defense does not create subject matter jurisdiction. Consequently, it appears that the court lacks federal question over this matter.

### C. Procedural Defects in Removal

#### 1. Scher's Failure to Join All Defendants

When removing, the removing party must comply with certain procedural mandates. Among these is a requirement that all defendants must agree to the removal with few exceptions: "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action . . . . The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citations omitted). Additionally, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citation omitted), *superceded by statute on unrelated grounds as explained by Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir.2006).

Scher filed the Notice of Removal without Lister's joinder. Outside of the caption, the notice of removal does not mention Lister at all, let alone affirmatively explain his absence or offer reasons why he need not be joined.

#### 2. Scher's Failure to Demonstrate Timeliness Of Removal

Pursuant to 28 U.S.C. § 1446, a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). See also *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). See also *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("A notice of removal must be filed within thirty days of service of the plaintiff's complaint").

The original complaint in this action was filed in Los Angeles Superior Court on June 20, 2011. Defendant's notice of removal was filed on January 27, 2012, 221 days later. The notice of removal offers no explanation for the substantial delay in removal, nor does it contain the date when

defendants were served with summons and complaint. Based solely on the fact that the complaint was filed on six months before the notice of removal, it appears that defendants may not have filed their notice of removal within the thirty day period established by § 1446(b).

### 3. The Court's Authority to *Sua Sponte* Remand for Procedural Defect

Scher's removal may be procedurally defective because of her failure to join Lister in the removal, and because she has not timely filed the notice of removal. The court cannot *sua sponte* remand a case for a procedural defect in removal, however. See *Kelton Arms Condominium Owners Association, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Because procedural defects in removal are not jurisdictional, they may be waived. *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994).

### III. CONCLUSION

In order to assure proper jurisdiction, the court orders Scher to show cause on or before **February 27, 2012**, why the court should not remand this action to Los Angeles Superior Court for lack of subject matter jurisdiction. Plaintiff may file a response on or before **March 5, 2012.**

Moreover, plaintiff is entitled to file a motion to remand this action due to the potential procedural defects in the removal. Accordingly, if plaintiff does not file a motion for remand by **February 27, 2012**, the court will assume that plaintiff waives any procedural objections it would otherwise be entitled to assert to defendants' notice of removal.